

185 Madison Avenue, 15th Floor
New York, NY 10016                                                                  **Christopher Colvin, Esq.**
Tel: 212-419-5210                                                                       ccolvin@leichtmanlaw.com

December 8, 2023

**VIA ECF**

Hon. Mary Kay Vyskocil, U.S.D.J.
Southern District of New York
500 Pearl St., Courtroom 16C
New York, NY 10007-1312

      Re:    <u>Studio – D v. The Waverly Group, et al., Case No. 23-cv-9001</u>

Dear Judge Vyskocil,

      We represent Plaintiff Studio – D ("Plaintiff" or "studio D") in this action. We write to the Court regarding the December 5, 2023, Order (the "Order") (Dkt. No. 22) and Defendants' later-filed second pre-motion letter (Dkt. No. 23). Plaintiff intends to amend its Complaint pursuant to the Order.

      The Order states that this amendment "will be Plaintiff's last opportunity to amend the complaint *in response to arguments raised in the parties' letters*" (emphasis added). Plaintiff respectfully requests that the Court clarify or amend the Order to confirm that Defendants' proposed motion to dismiss, if filed, will likewise be limited to "arguments raised in the parties' letters." Plaintiff submits that both fairness and the principles of Federal Rule of Civil Procedure 12(g)[1] require such reciprocal limitations.

      Your Honor issued the Order prior to Defendants' second pre-motion letter, which was filed later on December 5, 2023 (Dkt. No. 23). Logically, the Order's reference to "arguments raised in the parties' letters" refers only to the parties' *previously-filed* letters (Dkt. Nos. 19 and 21) and does not include within its scope a later-filed letter (Dkt. No. 23).

---

[1] "Except as provided in Rule 12(h)(2) or (3) [exceptions not applicable here], a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). "Rule 12(g)(2) is understood to 'bar successive 12(b)(6) motions containing arguments that could have been raised in earlier motions.'" *Easton Rae, LLC v. Violet Grey, Inc.*, No. 21-CV-6234, 2023 WL 2691459, 2023 U.S. Dist. LEXIS 54321, *1 (S.D.N.Y. Mar. 29, 2023) (*quoting Polidora v. Dagostino & Assocs.*, 2021 U.S. Dist. LEXIS 187583, 2021 WL 4482273, at *1 n. 1 (S.D.N.Y. Sept. 29, 2021) (Nathan, J.)); *see also Torres v. Kohlberg, Kravis, Roberts & Co L.P.*, No. 1:20-CV-05025, 2021 U.S. Dist. LEXIS 216716, *2 (S.D.N.Y. Nov. 9, 2021) ("Rule 12(g) generally prohibits a party from making another motion under Rule 12 after failing to raise a defense or objection that was available to the party but omitted from the earlier motion." (internal quotations and brackets omitted)).

Hon. Mary Kay Vyskocil, U.S.D.J.
December 8, 2023
Page 2

Plaintiff respectfully submits that Rule 12(g)'s prohibition, against making "another motion [to dismiss] under this rule raising a defense or objection that was available" when an earlier motion was filed, applies with equal force to pre-motion letters raising such defenses. The operative question is: "When Defendants appeared on November 30th to submit their first pre-motion letter, was the defense raised the following week in Defendants' second pre-motion letter 'available' to them?"  The answer is "yes" and Defendants made no attempt in their December 5th letter to show otherwise.  As a result, the principles of Rule 12(g) prohibit Defendants from including, in a motion to dismiss, any ground not raised in their first, pre-Order pre-motion letter.

Therefore, Plaintiff respectfully requests that the Court revise or clarify the December 5, 2023 Order (Dkt. No. 22) to limit Defendants' proposed motion to the grounds raised in their November 30, 2023 pre-motion letter (Dkt. No. 19). [2]

Respectfully submitted,

*/s/ Christopher Colvin*

Christopher Colvin

CC:     ALL COUNSEL OF RECORD via ECF

---

[2] At a minimum, Plaintiff respectfully requests that the Court limit any formal motion to dismiss to, at most, the four grounds raised in Defendants' two pre-motion letters (Dkt. Nos. 19 & 23).  While Plaintiff disputes the assertions and arguments in Defendants' December 5th letter, in light of Plaintiff's forthcoming amended Complaint, the issue raised in that letter (permission to file a motion to dismiss) would be mooted, regardless of whether the Court excludes the additional ground raised therein under Rule 12(g), or permits that ground to be addressed in the amended Complaint and the motion to dismiss.