USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUDIO D,

            Plaintiff,

    - against -

THE WAVERLY GROUP, WAVERLY STAGING & DESIGN LLC, JANE SAIDENBERG, and ZOE DIAMANT,
            Defendants.

Case No.: 23-cv-9001

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information, documents or other material exchanged by the parties in connection with the pre-trial phase of this action

      1.    **CONFIDENTIAL Designation**.  Counsel for any party may designate any document, information, or other material in whole or in part, as CONFIDENTIAL if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that it contains confidential, proprietary, or commercially sensitive information that has not been publicly disclosed or information that otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c). Information and documents designated by a party as CONFIDENTIAL will be stamped "CONFIDENTIAL."

      2.    **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Designation**.  Counsel for any party may designate any document, information, or other material in whole or in part, as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," if Counsel determines, in good faith, that the material reveals a trade secret or other highly sensitive commercial information in accordance with Federal Rule of Civil Procedure 26(c)(1)(G) and/or the material contains extremely sensitive information for which the protections afforded to CONFIDENTIAL material are insufficient to protect the Producing Party from the risk that disclosure of such material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Such material will be stamped "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

      3.    **Limited Use of Designated Material**.  The CONFIDENTIAL material and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material disclosed will

be held and used by the person receiving such material solely for use in connection with this legal action.

4. **Challenges to Designation**. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Confidentiality Stipulation and Protective Order constitutes an admission by any party that CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY material.

5. **Disclosure of CONFIDENTIAL Material**. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any CONFIDENTIAL material by virtue of his or her position with the Court).

6. **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material**. Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall not be disclosed to any person, except:

   a. The requesting party's outside counsel of record and one designated in-house counsel of the requesting party;

   b. Employees of outside counsel of record assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel of record; and

   d. The Court (including the mediator, or other person having access to any HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material by virtue of his or her position with the Court).

      7.    **Agreement to be Bound**. Prior to disclosing or displaying any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material to any person, counsel must:

      a.    Inform the person of the confidential nature of the material;

      b.    Inform the person that this Court has enjoined the use of the material by him/her for any purpose other than this litigation and has enjoined the disclosure of the material to any other person; and

      c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A, prior to receiving any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material.

      6.    **No Waiver of Designation**. The disclosure of material without designating it as "CONFIDENTIAL" and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall not constitute a waiver of the right to designate such material as confidential under this Stipulation and Order. If so designated, the material shall thereafter be treated as confidential subject to all the terms of this Stipulation and Order.

      7.    **Personally Identifying Information**. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

      8.    **No Waiver of Privilege or Work Product Doctrine**. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      9.    **Filing Under Seal**. Notwithstanding the designation of material as "CONFIDENTIAL" and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY in discovery, there is no presumption that such material shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10.     **Destruction of Confidential Material Following Conclusion of Litigation**.  At the conclusion of litigation, CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     **Subpoena**.  Nothing herein shall preclude the parties from disclosing material designated to be CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY material if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated:  May 19, 2025

_____
Christopher A. Colvin, Esq.
Diane B. Melnick, Esq.
Practus LLP
Counsel for Plaintiff STUDIO D

_____
Carl M. Perri, Esq.
Matthew J. Van Dusen, Esq.
Counsel for Defendants
JANE SAIDENBERG ("Saidenberg") and
WAVERLY STAGING & DESIGN LLC

SO ORDERED.

Date: 5/20/2025
New York, New York

_____
Mary Kay Vyskocil
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUDIO D,<br><br>                Plaintiff,<br><br>   - *against* -<br><br>THE WAVERLY GROUP, WAVERLY STAGING & DESIGN LLC, JANE SAIDENBERG, and ZOE DIAMANT,<br>Defendants. | Case No.: 23-cv-9001<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER – EXHIBIT A** |

**Agreement to be Bound**

    I, _____, state that:

    1.    My present employer is _____ and the address of my present employment is _____.

    2.    My present occupation or job description is _____.

    3.    I have carefully read and understood the provisions of the Confidentiality Stipulation and Protective Order in this case signed by the Court in the above-captioned case.

    4.    I will comply with all provisions of the Confidentiality Stipulation and Protective Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation and Protective Order any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" material or any words, summaries, abstracts, or indices of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed to me.

6. I will limit use of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return or destroy all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Recipient Name (print): _____

Recipient Signature: _____

Signed in the presence of the following counsel of record for party providing material to recipient:

Dated: _____

Attorney Name (print): _____

Attorney Signature: _____